IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION AT CLEVELAND

| | | |
|---|---|---|
| Kevin Keith, | : | Case No. 1:18-cv-00634 |
| Petitioner, | : | *(This case is related to 1:18-cv-00047)* |
| -vs- | : | |
| | | Judge Solomon Oliver, Jr. |
| Lyneal Wainwright, Warden Marion Correctional Institution, | : | |
| | : | Magistrate Judge James R. Knepp, II |
| Respondent. | | |
| | : | |

**Petitioner's Memorandum in Opposition to Warden's Motion
to Transfer to the Sixth Circuit**

Petitioner, Kevin Keith, opposes the Warden's to transfer his habeas petition to the Sixth Circuit.  The Supreme Court of the United States, as well as the Sixth Circuit, have made clear that that "not all second-in-time petitions are 'second or successive.'" *In re Coley*, 871 F.3d 455, 457 (6th Cir. 2017) (citing *Panetti v. Quarterman*, 551 U.S. 930, 944 (2007). Keith has properly filed his petition with this Court, and this Court maintains jurisdiction to proceed.

Respectfully Submitted,

/s/ James R. Wooley
/s/ Calland M. Ferraro
James R. Wooley (003850)
Calland M. Ferraro (0093439)
Jones Day – Cleveland
901 Lakeside Avenue
Cleveland, Ohio 44114
(216) 586-7345
jrwooley@JonesDay.com
cferraro@JonesDay.com
Trial Attorney

And

/s/ Zachary M. Swisher
Zachary M. Swisher (0076288)
Sybert, Rhoad, Lackey Swisher, LLC
153 South Liberty Street
Powell, Ohio 43065
(614) 785-1811
zach@law153group.com

And

/s/ Rachel Troutman
Rachel Troutman (0076741)
Supervising Attorney, Death Penalty Dept
Office of the Ohio Public Defender
250 E. Broad Street, Suite 1400
Columbus, Ohio 43215
Rachel.Troutman@OPD.ohio.gov

And

/s/ James M. Petro
James M. Petro (0022096)
Attorney-at-Law
6573 Marissa Loop #405
Naples, FL 34108
Jimpetro73@gmail.com

Counsel for Petitioner

**Memorandum in Support**

In Keith's related lawsuit under 42 U.S.C. § 1983, Keith predicted that the Warden's counsel would, yet again, attempt to prevent his *Brady* claims from being heard on the merits by arguing for them to be subjected to a higher burden. And now the Warden's counsel has alleged that, because Kevin Keith is attacking the same judgment, his fourth habeas petition "must be transferred to the Sixth Circuit" as successive and evaluated pursuant to 28 U.S.C. § 2244. Warden's Motion to Transfer, Doc. 9, PageID 242. The Warden points to Keith's allegations in the § 1983 suit as some sort of concession that Keith believes the "proper course" is "seeking the proper approval from the Sixth Circuit." Doc. 9, PageID 243. To the contrary, Keith's prediction of the course of action the Warden would take is no concession by Keith. The Warden's "Motion to Transfer Keith's Improperly Filed Successive Habeas Petition to the Sixth Circuit Pursuant to 28 U.S.C. § 1631" does, however, provide a glimpse into what Keith has been up against.

**The Warden's Cited Legal Support is Misleading and Incomplete**

In arguing for a transfer, the Warden misrepresents the holding of *Magwood v. Patterson*, 561 U.S. 320 (2010) and cites to just one Sixth Circuit case: *In re Sims*, 111 F.3d 45, 47 (6th Cir. 1997). Conspicuously absent from her motion, though, is any citation to the multitude of cases from the Sixth Circuit and Supreme Court that succeeded that 1997 case, and that contradict her position. *See, e.g., Panetti* v. *Quarterman*, 551 U.S. 930, 944 (2007); *Stewart v. Martinez-Villareal,* 523 U.S. 637, 643 (1998); *Slack v. McDaniel*, 529 U.S. 473, 487 (2000); *In re Coley*, 871 F.3d 455, 457 (6th Cir. 2017); *In re Tibbetts*, 869 F.3d 403 (6th Cir. 2017); *In re Salem*, 631 F.3d 809, 813 (6th Cir. 2011); *In re Jones*, 652 F.3d 603, 605-06 (6th Cir. 2010); *In re Bowling*,

2007 U.S. App. LEXIS 30397, 9-10 (6th Cir. Sept. 12, 2007); *In re Bowen*, 436 F.3d 699, 704 (6th Cir. 2006); *Rosales-Garcia v. Holland*, 322 F.3d 386, 398 (6th Cir. 2003).

The Warden represents the following to this Court: "The United States Supreme Court has stated that a petition is successive if it is attacking the same judgment as a previous petition. *Magwood v. Patterson*, 130 S.Ct. 2788 (2010)." Doc. 9, PageID 242. Then she tells the Court that "[t]ransfer is required here," because Keith's fourth habeas petition is "attacking the same state court judgment." *Id.* But *Magwood* does not hold that, if a petitioner is attacking the same court judgment, it is automatically considered "successive" and subject to transfer.

As the Court pointed out in *Magwood,* "it is well settled that the phrase [second or successive] does not simply 'refe[r] to all § 2254 applications filed second or successively in time.'" *Magwood*, 561 U.S. at 332 (citing *Panetti* v. *Quarterman*, 551 U.S. 930, 944 (2007) and describing *Panetti as* "creating an 'exceptio[n]' to § 2244(b) for a second application raising a claim that would have been unripe had the petitioner presented it in his first application").[1] To make the majority, Justices Breyer, Stevens, and Sotomayor joined Justices Thomas and Scalia in their opinion in *Magwood*[2] but they made very clear in their concurring opinion that the *Magwood* holding did not, in fact, mean that a petition is successive if it is attacking the same judgment as a previous petition:

> The Court neither purports to alter nor does alter our holding in *Panetti v. Quarterman,* 551 U.S. 930, 127 S. Ct. 2842, 168 L. Ed. 2d 662 (2007). See *ante,* at 335, n. 11, 177 L. Ed. 2d, at 604. In *Panetti,* we "declined to interpret 'second or successive' as referring to all § 2254 applications filed second or

---

[1] The Court in *Magwood* also cited to *Stewart* v. *Martinez-Villareal*, 523 U.S. 637, 643 (1998), and described it as "treating a second application as part of a first application where it was premised on a newly ripened claim that had been dismissed from the first application as premature," as well as to *Slack v. McDaniel,* 529 U.S. 473, 487 (2000) in which the Court "declin[ed] to apply § 2244(b) to a second application where the District Court dismissed the first application for lack of exhaustion)."

[2] They did not join the opinion as to Part IV-B.

4

> successively in time, **even when** the later filings address a state-court judgment **already challenged in a prior § 2254 application**." 551 U.S., at 944, 127 S. Ct. 2842, 168 L. Ed. 2d 662 (emphasis added). In this case, by contrast, we determine how 28 U.S.C. § 2244(b) applies to a habeas petition that is the *first* petition to address a *new* "state-court judgment" that has not "already [been] challenged in a prior § 2254 application." And, for the reasons provided by the Court, such a "first" petition is not "second or successive." Of course, as the dissent correctly states, if Magwood were challenging an undisturbed state-court judgment for the second time, abuse-of-the-writ principles would apply, including *Panetti*'s holding that an "application" containing a "claim" that "the petitioner had no fair opportunity to raise" in his first habeas petition is not a "second or successive" application. *Post,* at 346, 177 L. Ed. 2d, at 612 (opinion of Kennedy, J.).

*Magwood,* 561 U.S. at 343 (Breyer, J., joined by Stevens and Sotomayor, JJ., concurring in part and concurring in judgment).

Again, *Panetti*—a case not cited by the Warden—specifically rejected the interpretation of "'second or successive' as referring to all § 2254 applications filed second or successively in time, **even when the later filings address a state-court judgment already challenged in a prior § 2254 application**." 551 U.S. at 944 (emphasis added). *Magwood* did not overrule *Panetti*.

Nor did *Magwood* overrule *Stewart v. Martinez-Villareal,* 523 U.S. 637, 643 (1998) or *Slack v. McDaniel*, 529 U.S. 473, 487 (2000). Although these two cases were cited by the Supreme Court in *Magwood*, the Warden failed to cite to them or to address their impact on her argument.

In *Martinez-Villareal,* the State made—and lost on—the argument that "because [Martinez-Villareal] already had one fully-litigated habeas petition, the plain meaning of § 2244(b) … requires his new petition to be treated as successive." 523 U.S. at 643. *Compare* Warden's Motion to Transfer, Doc. 9, PageID 240-43. The Supreme Court rejected this interpretation because of the "far-reaching and seemingly perverse" effects it would have.

5

*Martinez-Villareal,* 523 U.S. at 644. Instead of treating it as a mere mathematical computation, the Court focused on the fact that Martinez-Villareal "brought his claim in a timely fashion, and it has not been ripe for resolution until now." *Id.* at 645.

Two years later, the Court touched on the "second or successive" issue again in *Slack v. McDaniel*. *Slack* is somewhat distinguishable from the present case, because the issue concerned a petitioner who re-filed his habeas petition after it had been dismissed for lack of exhaustion. When he re-filed his habeas petition after exhausting his claims, the Court stated that a "petition filed after a mixed petition has been dismissed under *Rose* v. *Lundy* before the district court adjudicated any claims is to be treated as 'any other first petition' and is not a second or successive petition." *Slack*, 529 U.S. at 487. Again, the Court was clear that the statutory phrase "second or successive" is a term of art in the habeas context, not a mere mathematical computation. *See id.*

Contrary to the Warden's position, the Sixth Circuit has acknowledged that "[i]t's true that not all second-in-time petitions are 'second or successive.'" *In re Coley*, 871 F.3d 455, 457 (6th Cir. 2017) (citing *Panetti*, 551 U.S. at 944). And the Sixth Circuit has recognized that the question of whether a petition is "successive" does not turn on whether the petitioner already had one fully-litigated petition. In fact, it has explicitly outlined what the analysis should be when the habeas challenge addresses the same state-court judgment previously challenged:

> To determine whether a second-in-time petition is "second or successive," we look at the proposed § 2254 petition "as a whole," *see Magwood v. Patterson*, 561 U.S. 320, 335 n.10, 130 S. Ct. 2788, 177 L. Ed. 2d 592 (2010), and ask whether it challenges the same state-court judgment of conviction and sentence that the petitioner challenged in a previous § 2254 petition. *See id.* at 331-33, 338 n.12; *see also King v. Morgan*, 807 F.3d 154, 157-58 (6th Cir. 2015). If the answer is "No," the analysis is at an end. The proposed petition is not successive. *See Magwood*, 561 U.S. at 323-24, 331, 338-39, 341-42. But if the answer is "Yes," as is the case here, we focus on the proposed claims themselves and apply to them abuse-of-the-writ principles, as modified by §

6

> 2244(b), to determine if the claims' presence in the petition renders
> it successive. *See id*. at 335 n.11; *Askew v. Bradshaw*, 636 F. App'x 342, 346-47
> (6th Cir. 2016). "Under the abuse of the writ doctrine, a numerically second
> petition is 'second' when it raises a claim that could have been raised in the first
> petition but was not so raised, either due to deliberate abandonment or
> inexcusable neglect." *In re Bowen*, 436 F.3d 699, 704 (6th Cir. 2006).

*In re Sutton*, No. 17-5640, 2018 U.S. App. LEXIS 7207, at *3 (6th Cir. Mar. 21, 2018). Notably, what the Court did **not** say is that a petition is successive, and transfer is required, when the habeas petition is attacking the same state court judgment. Instead, the Sixth Circuit has stated a court must consider factors of ripeness and whether the petitioner failed to raise the claims in his first petition "either due to deliberate abandonment or inexcusable neglect." *In re Bowen*, 436 F.3d at 704; *see also In re Salem*, 631 F.3d 809, 813 (6th Cir. 2011); *Rosales-Garcia v. Holland*, 322 F.3d 386, 398 (6th Cir. 2003) ("A 'successive petition' raises grounds identical to those raised and rejected on the merits on a prior petition.")

### **Keith's claims are newly ripe, and he has not abused the writ.**

As the Sixth Circuit stated in *In re Tibbetts*, "[A] petition is not second or successive when it raises a claim that was unripe for review when the first habeas petition was filed." 869 F.3d 403, 406 (6th Cir. 2017) (citing *Panetti,* 551 U.S at 945-47 and *In re Jones*, 652 F.3d 603, 605-06 (6th Cir. 2010)). Keith's current *Brady* claim was unripe for review at the time of his first federal habeas petition in 1999, because he did not know it existed.

In *Jones*, the Sixth Circuit observed that, in *Panetti,* "the [Supreme] Court relied on pragmatic concerns, observing that '[i]nstructing prisoners to file premature claims, particularly when many of these claims will not be colorable even at a later date, does not conserve judicial resources' or vindicate any other policy of federal habeas law." 652 F.3d at 605 (citing *Panetti*, 551 U.S. at 946). Based on that logic, the Sixth Circuit determined that Jones did not require authorization to file his petition, was not subjected to the limitations in § 2244(b), and he could

litigate his ex post facto claim in the district court. *Jones,* 652 F.3d at 606. It came to this conclusion because "no useful purpose would be served by requiring prisoners to file ex post facto claims in their initial petition as a matter of course, in order to leave open the chance of reviving their challenges in the event that subsequent changes to the state's parole system create an ex post facto violation." *Id.* at 605.

Similarly, Keith could not have filed his current *Brady* claim in his first habeas petition in 1999, because he did not discover the evidence suppressed by the State until 2016. In January 2016, counsel for Keith saw an article in the Cleveland Plain Dealer that referenced BCI analyst G. Michelle Yezzo, the BCI expert who provided testimony that forensically "linked" Keith to the crime scene. The article quoted from a memo written by a state supervisor about Yezzo: "Yezzo's findings and conclusions regarding the truth maybe [sic] suspect. She will stretch the truth to satisfy a department." *Id*. This triggered Keith's counsel to obtain Yezzo's personnel file from Yezzo's time at BCI. Keith had no knowledge of this information in Yezzo's personnel file until he read about it in the newspaper in 2016.

Certainly the practice should not be to file unsupported *Brady* violation allegations against the State, simply to preserve the petitioner's ability to raise the claim if it became colorable. Keith's discovery of the State's suppressed evidence "render[s] his instant challenge … newly 'ripe,'" and for that reason it is not "second or successive." *In re Tibbetts*, 869 F.3d at 408.

In addition, "courts defining 'second or successive' generally apply abuse of the writ decisions, including those decisions that predated AEDPA." *In re Bowen*, 436 F.3d at 704 (citing *Martinez-Villareal*, 523 U.S. at 643-45. The Sixth Circuit pointed to pre-AEDPA Supreme Court case law to define "abuse of the writ:"

8

> In *Sanders v. United States*, 373 U.S. 1 (1948), the Supreme Court explained abuse of the writ: If a prisoner deliberately withholds one of two grounds for federal collateral relief at the time of filing his first application, in the hope of being granted two hearings rather than one or for some other such reason, he may be deemed to have waived his right to a hearing on a second application presenting the withheld ground. … Nothing in the traditions of habeas corpus requires the federal courts to tolerate needless, piecemeal litigation, or to entertain collateral proceedings whose only purpose is to vex, harass, or delay.

*Bowen*, 436 F.3d at 704.

A petition is successive under the abuse of the writ doctrine when the claim was, or could have been, raised in an earlier petition. "Under the abuse-of-the-writ doctrine a subsequent petition is 'second or successive' when it raises a claim that was, or could have been, raised in an earlier petition." *James v. Walsh*, 308 F.3d 162, 167 (2d Cir. 2002). The abuse-of-the-writ standard has been used by the majority of the circuits in determining whether to label a petition successive. *See id.*; *Benchoff v. Colleran*, 404 F.3d 812, 817 (3d Cir. 2005) ("[W]e find that the abuse of the writ doctrine retains viability as a means of determining when a petition should be deemed 'second or successive' under the statute."); *Crouch v. Norris*, 251 F.3d 720, 723 (8th Cir. 2001) ("That Crouch's proposed petition is subject to § 2244(b)'s limitations is, however, not dispositive. Although Crouch's proposed petition neither relies on a new rule of constitutional law nor identifies newly-discovered facts that establish his innocence of the underlying sex offenses, Crouch may nevertheless be free to file his proposed petition in the district court if it is not 'second or successive.'"); *Hill v. Alaska*, 297 F.3d 895, 898 (9th Cir. 2002) ("That a prisoner has previously filed a federal habeas petition does not necessarily render a subsequent petition 'second or successive.'").

Conversely, when the petitioner's claim could not have been raised during the prior habeas proceedings, there is no abuse of the writ. Federal courts have thus held that under the AEDPA, when a second-in-time habeas petition presents a claim that was not available during

9

the prior habeas proceeding, the petition is not "second or successive" and the gatekeeping mechanism of § 2244(b) does not apply. *Benchoff*, 404 F.3d at 817; *Singleton*, 319 F.3d at 1023. "Such petitions do not abuse the habeas process… because the petitioner, by definition, could not have raised the claims in his first habeas petition." *In re Cabey*, 429 F.3d 93, 94 (4th Cir. 2005); s*ee also Crouch v. Norris,* 251 F.3d 720, 725 (8th Cir. 2001) ("[W]hile district courts are required to dismiss without prejudice all claims contained in such a petition, petitions refiled after a prisoner has exhausted state remedies are not deemed successive and are adjudicated under the same standard as would apply to a first petition.").

Keith certainly did not fail to raise these claims "either due to deliberate abandonment or inexcusable neglect." *In re Bowen*, 436 F.3d at 704. Certainly, in 1999 while under a sentence of death, Keith would have jumped at the chance to litigate the issues in his current habeas petition.

Moreover, "a rule thus declaring 'prosecutor may hide, defendant must seek,' is not tenable in a system constitutionally bound to accord defendants due process." *Banks v. Dretke*, 540 U.S. 668, 696, (2004). Keith should not pay the price for his inability to find what the State hid in time to file it in his 1999 petition. To subject Keith's claims to a higher burden, because the State effectively hid evidence long enough, rewards the State for its unconstitutional actions. This would be one of the "far-reaching and seemingly perverse" effects the Supreme Court warned of in *Martinez-Villareal,* 523 U.S. at 644.

### **Keith's previous litigation further demonstrates he has not "abused the writ."**

As the Warden points out, Keith has an extensive history of litigation. The litigation history is one of the reasons Keith predicted the Warden would move to transfer his petition and subject it to the higher burden in § 2244(b). The fact that this is Keith's fourth habeas petition demonstrates two things: 1) Keith has been proactive in raising his claims, as opposed to

"deliberately abandon[ing] or inexcusabl[y] neglect[ing]" them; and 2) the State has hidden multiple pieces of evidence, and Keith has done his best to uncover it all.

For example, in 2007, Keith uncovered suppressed documents from a 1993-94 investigation, spearheaded by the Ohio Pharmacy Board and involving Galion Police Officers.[3] The State had argued that Keith shot and killed Rudel Chatman's family members as revenge for Chatman's role as an informant in the Crestline drug raids (in which Keith was arrested for selling approximately 3 grams of crack). But what Keith uncovered in 2007, that the State never told him, was that a man named Rodney Melton had "spread the word that anybody that snitches on [him and his brother Bruce] would be killed;" Rudel Chatman was an informant on the Meltons; and Melton had told a woman two weeks before the shootings that "he had been paid $15,000 to cripple 'the man' who was responsible for the [drug] raids in Crestline, Ohio last week." Petition, Exhibit 8, Doc. 1-8, PageID 59, 62.

Keith filed his second federal habeas petition in 2008, on the bases of evidence discovered in 2007, and the District Court transferred it to the Sixth Circuit within a week. Keith filed in the Sixth Circuit pursuant to § 2244(b), and although the panel found doubt, two of the three judges determined he could not meet the heightened standard that the new evidence "demonstrate[d] by clear and convincing evidence that no reasonable juror could find Keith guilty." *Keith v. Bobby,* 551 F.3d 555, 559 (6th Cir. 2009).

In the meantime, on September 2, 2010, Governor Strickland commuted Keith's death sentence to life without parole based on doubts of his guilt.

---

[3] Galion Police were one of the agencies involved in the case against Keith.

11

In 2013, after the Supreme Court's decisions in *Martinez v. Ryan*, 566 U.S. 1 (2012) and *Trevino v. Thaler*, 569 U.S. 413 (2013),[4] Keith filed a federal habeas petition concerning the procedurally-defaulted ineffective-assistance-of-counsel claims that his original federal habeas counsel had failed to raise. The Magistrate Judge determined that "As Keith's Third Petition raises claims that either were or could have been raised in his First Petition, his Third Petition is successive. *Keith v. LaRose*, No. 1:13CV1718, 2014 U.S. Dist. LEXIS 42121, at *12 (N.D. Ohio Feb. 6, 2014). The District Judge adopted her findings and transferred the petition to the Sixth Circuit. The Sixth Circuit denied Keith's ineffective assistance of counsel claims, because he could not meet the high standards in § 2244(b).

Keith had no knowledge of this information in Yezzo's personnel file until he read about it in the newspaper in 2016. If the Warden takes issue with the fact that Keith did not file it with his initial 1999 petition, it should be taken up with the parties who suppressed the evidence.

Moreover, to the extent the Warden is relying on the previous transfers as "proof" of what this Court must do with Keith's current petition, Keith directs this Court to *In re Sutton*, 2018 U.S. App. LEXIS 7207, at *3. The previous transfers have no bearing on Keith's current petition. As Sixth Circuit directed, when a petitioner is attacking the same judgment as previously attacked, the Court should "focus on the proposed claims themselves and apply to them abuse-of-the-writ principles" to determine if the petition is successive. *Id.* A claim that is "not properly classified as 'second or successive' … thus does not require [Circuit] authorization to go forward in the district court." *In re Jones*, 652 F.3d at 605.

---

[4] *Martinez* and *Trevino* established that procedural default would not bar a federal habeas court from hearing a petitioner's ineffective-assistance-of-counsel claim if the petitioner can establish that his post-conviction counsel was ineffective in failing to raise the claim.

12

**Conclusion**

"[N]ot all second-in-time petitions are 'second or successive.'" *In re Coley*, 871 F.3d at 457 (citing *Panetti*, 551 U.S. at 944).  It is not simply a numerical calculation, despite what the Warden claims in her motion, and she is simply wrong when she asserts that "[t]his Court lacks jurisdiction to proceed absent [the Sixth Circuit's] authorization."  Doc. 9, PageID 243.

To interpret the statute in a way that subjects Keith's *Brady* claims to a higher burden—rewarding the State for effectively hiding the suppressed evidence long enough—would be a "far-reaching and seemingly perverse" effect. *Martinez-Villareal,* 523 U.S. at 644.

Respectfully Submitted,

/s/ James R. Wooley
/s/ Calland M. Ferraro
James R. Wooley (003850)
Calland M. Ferraro (0093439)
Jones Day – Cleveland
901 Lakeside Avenue
Cleveland, Ohio 44114
(216) 586-7345
jrwooley@JonesDay.com
cferraro@JonesDay.com
Trial Attorney

And

/s/ Zachary M. Swisher
Zachary M. Swisher (0076288)
Sybert, Rhoad, Lackey Swisher, LLC
153 South Liberty Street
Powell, Ohio 43065
(614) 785-1811
zach@law153group.com

And

/s/ Rachel Troutman
Rachel Troutman (0076741)

Supervising Attorney, Death Penalty Dept
Office of the Ohio Public Defender
250 E. Broad Street, Suite 1400
Columbus, Ohio 43215
Rachel.Troutman@OPD.ohio.gov

And

/s/ James M. Petro
James M. Petro (0022096)
Attorney-at-Law
6573 Marissa Loop #405
Naples, FL 34108
Jimpetro73@gmail.com


Counsel for Petitioner

## CERTIFICATE OF SERVICE

This is to certify that a copy of the foregoing was electronically filed this 3rd day of April, 2018. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

        Respectfully submitted,

        /s/ Rachel Troutman
        Rachel Troutman (0076741)
        Counsel for Petitioner