UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| KEVIN KEITH, | ) | Case No.: 1:18 CV 634 |
| | ) | |
| Petitioner | ) | |
| | ) | |
| v. | ) | JUDGE SOLOMON OLIVER, JR. |
| | ) | |
| LYNEAL WAINWRIGHT, Warden, | ) | |
| MARION CORRECTIONAL | ) | |
| INSTITUTION, | ) | |
| | ) | ORDER TRANSFERRING |
| Respondent | ) | CASE TO SIXTH CIRCUIT |

Currently pending before the court in the above-captioned case is Respondent Lyneal Wainwright's ("Respondent" or "Warden") Motions to Transfer Petitioner Kevin Keith's ("Petitioner" or "Keith") Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 ("2254 Petition") (ECF No. 1) to the docket of Judge Jeffrey Helmick ("Judge Helmick"), pursuant to Local Rule 3.1(b) (ECF No. 8), or, in the alternative, to the Sixth Circuit, pursuant to 28 U.S.C. § 1631 (ECF No. 9). For the following reasons, the Warden's Motion to Transfer Keith's 2254 Petition to the Sixth Circuit is granted. Accordingly, the Warden's Motion to Transfer pursuant to Local Rule 3.1(b) is denied as moot.

**I. BACKGROUND**

On March 19, 2018, Keith filed his 2254 Petition challenging his conviction and sentence for multiple counts of aggravated murder and aggravated attempted murder, and requesting a new trial. (2254 Pet. 1–2.) As a result of his conviction, Petitioner was sentenced to death. (*Id.* at 9.) However, that sentence was later commuted to life in prison by Ohio Governor Ted Strickland, who

cited doubts about Keith's guilt as the basis for the commutation. (*See* Governor's Statement re: Clemency Application of Kevin Keith on Sept. 2, 2010.)

In his 2254 Petition, Keith raises the following grounds for relief and supporting facts:

**GROUND ONE:** **The State violated Keith's rights to due process when it failed to disclose critical impeachment evidence of a key witness.**

Supporting Facts: Yezzo was a material witness at trial, and the State relied heavily on her conclusions to connect Keith to this crime. Had the State given Keith her personnel file as it was required to do, he would have been able to severely undermine her conclusions and her credibility. Without her unimpeached testimony linking Keith to this crime and bolstering questionable witness identification of Keith as the shooter, the outcome of this case very likely would have been different.

[…]

[I]n 2016, Keith discovered the Yezzo evidence that forms the basis of the requested relief in this petition. While discovery of the Yezzo evidence is worthy of relief on its own, it cannot be examined in isolation from the other suppressed evidence in this case that Keith discovered previously.

**GROUND TWO:** **The State violated Keith's due process rights when the police destroyed evidence and then suppressed documents demonstrating that it acted in bad faith.**

Supporting Facts: At the time of trial, Keith's defense attorney requested [certain] phone records. Upon receipt, Bucyrus Police Department deliberately ignored a defense subpoena for the department's phone records. Then the police department destroyed those phone records. This demonstrates bad faith.

By suppressing this subpoena, the State prevented Keith from demonstrating that the police acted in bad faith by destroying the phone records. They refused to comply with a defense subpoena for records at the time of trial. Not only

> did they refuse to comply, but they then destroyed the evidence, despite knowing the defense requested it.
>
> By suppressing this evidence, the State forced Keith to ask reviewing courts to infer bad faith when there was hard evidence in the police file.

(2254 Pet. 19–30.)

This is not the first time Keith has filed a § 2254 habeas petition in the district court challenging his state court conviction after exhausting his state court remedies. Keith previously filed habeas petitions in 1999, 2008, and 2013. (*See* Case Nos. 1:99-CV-657-PCE, 1:08-CV-1687-PCE, 1:13-CV-1718-JJH.)[1] Keith's 1999 Petition, arguing for relief based on ineffective assistance of counsel, was denied by the district court and affirmed by the Sixth Circuit. *Keith v. Mitchell*, 455 F.3d 662, 665 (6th Cir. 2006). Keith's 2008 Petition argued for relief based on newly discovered evidence previously suppressed by the State in violation of *Brady v. Maryland*, 373 U.S. 83 (1963). (*See* 2008 Petition, ECF No. 96 in Case No. 1:08-CV-1687.) That petition was denied authorization by the Sixth Circuit. *Keith v. Bobby*, 551 F.3d 555 (6th Cir. 2009). Finally, Keith's 2013 Petition, which again argued for relief based on ineffective assistance of counsel at trial, was transferred to the Sixth Circuit by Judge Helmick, and was subsequently denied authorization by the Sixth Circuit. *See* ECF No. 1 in Case No. 1:13-CV-1718-JJH; *see also Keith v. LaRose*, Case No. 14-CV-3290, ECF No. 16-2 (6th Cir. Dec. 8, 2014).

On March 23, 2018, the Warden filed its Motions to Transfer this case to the docket of Judge Helmick, pursuant to Local Rule 3.1(b)(3), as a related case, or, in the alternative, to the Sixth Circuit, pursuant to 28 U.S.C. § 1631, as an improperly filed successive habeas petition. (*See* Mot.

---

[1] Early filings related to the 1999 Petition predate electronic filing.

Transfer Dkt. J. Helmick, ECF No. 8; Mot. Transfer 6th Cir., ECF No. 9.)

## II. LAW AND ANALYSIS

### A. Transfer Pursuant to Local Rule 3.1(b)(3)

The court notes that transfer pursuant to Local Rule 3.1(b)(3) is permissive, rather than mandatory. *See* Local Rule 3.1(b)(3) (explaining that "[a] case *may* be re-assigned as related to an earlier case with the concurrence of both the transferee and transferor District Judges, with or without motion by counsel.") (emphasis added). Consequently, in light of the court's ruling on the Warden's Motion to Transfer this case to the Sixth Circuit below, the Warden's alternative Motion to Transfer to the docket of Judge Helmick is denied as moot.

### B. Transfer Pursuant to 28 U.S.C. § 1631

In its Motion to Transfer to the Sixth Circuit, pursuant to 28 U.S.C. § 1631, the Warden argues that, because this is Keith's fourth habeas petition challenging the same state court judgment, this court lacks jurisdiction to proceed without first transferring this case to the Sixth Circuit for authorization. *See* Mot. Transfer 6th Cir. 2–4, ECF No. 9; *see also In re Sims*, 111 F.3d 45, 47 (6th Cir. 1997). Keith's responds that his Petition is not successive because it raises a claim that was not factually ripe for review when his previous habeas petitions were filed. (2254 Pet. 31.) Specifically, Keith argues that his claims were not "ripe" because: (1) he only discovered the evidence of Yezzo's documented biases in January 2016, when the Cleveland Plain Dealer published an article about her; and (2) although Keith suspected bad faith suppression of evidence on the part of Bucyrus PD, it was not until February 2, 2017, that Keith obtained the Bucyrus PD file in its entirety, which included the ignored subpoena. (*Id*. at 32–33.)

The court agrees with the Warden. 28 U.S.C. § 2244 provides, in relevant part, that:

- 4 -

> A claim presented in a second or successive habeas corpus application under section 2254 that was not presented in a prior application shall be dismissed unless--
> […]
> (B)(i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and
> (ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the application guilty of the underlying offense.

28 U.S.C. § 2244(b)(2). Section 2244(b)(3)(A) goes on to require that, "[b]efore a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A).

The Warden is correct that the cases upon which Keith relies to argue that his 2254 Petition is not successive involve procedural postures much different from the case at bar. *See*, *e.g.*, *Stewart v. Martinez-Villareal*, 523 U.S. 637, 645 (1998) (first petition dismissed as premature); *Slack v. McDaniel*, 529 U.S. 473, 485–86 (2000) (first petition dismissed without prejudice for failure to exhaust state court remedies); *Thornton v. Warden*, Case No. 1:14-CV-561, 2016 WL 7373805, at *8 (S.D. Ohio. Dec. 19, 2016) (collecting cases where district courts retained jurisdiction over the second-in-time petition because prior dismissals were not "on the merits"). In those cases, the second-in-time petition was deemed not to be successive because, for various "technical procedural reasons," "the habeas petitioner d[id] not receive an adjudication of his claim" on the merits. *See Martinez-Villareal*, 523 U.S. at 644–45.

Here, however, the dismissals of Keith's previous habeas petitions seeking to challenge his

state court conviction were not due to "technical procedural reasons," but were adjudications on the merits. As a result, before Keith may proceed on the merits of his Petition, the court must transfer the case to the Sixth Circuit, in the interest of justice pursuant to 28 U.S.C. § 1631, for authorization, i.e. a determination of whether Keith's instant 2254 Petition meets the *prima facie* requirements for the"newly discovered evidence" exception to dismissal under § 2244. *See In re Sims*, 111 F.3d at 47.

### III. CONCLUSION

For the forgoing reasons, the Warden's Motion to Transfer this case to the Sixth Circuit, pursuant to 28 U.S.C. § 1631 (ECF No. 9), is granted. Accordingly, the Warden's Motion to Transfer to the docket of Judge Jeffrey Helmick, pursuant to Local Rule 3.1(b)(3) (ECF No. 8), is denied as moot.

IT IS SO ORDERED.

*/s/ SOLOMON OLIVER, JR.*
UNITED STATES DISTRICT JUDGE

June 6, 2018