# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION AT CLEVELAND

| | | |
|---|---|---|
| Kevin Keith, | : | Case No. Case No. 1:18-cv-634 |
| -vs- | : | **Judge Solomon Oliver, Jr.** |
| Lyneal Wainwright, Warden, | : | **Magistrate Judge James R. Knepp, II** |
| Marion Correctional Institution, | : | |
| Respondent. | : | |

## MOTION FOR AN EVIDENTIARY HEARING

In light of a recent opinion from the United States Court of Appeals for the Sixth Circuit, and out of an abundance of caution, Kevin Keith hereby moves this Court for an evidentiary hearing on the factual issues that remain in dispute between the parties.  The Sixth Circuit in *Clark v. Warden*, No. 18-1885,__F.3d__2019 WL 3771890 (6th Cir. Aug. 12, 2019) took issue when the District Court granted Clark's successor habeas petition without first holding an evidentiary hearing.  Although the issues in *Clark* differ from those in Keith's case, the Sixth Circuit indicated that "[a]s a general matter, '[w]here there is a factual dispute, the habeas court must hold an evidentiary hearing to determine the truth of the petitioner's claims.'" *Id.* at *7 (citing *Huff v. United States*, 734 F.3d 600, 607 (6th Cir. 2013)).  Though Keith believes that in his case, the "violation is 'clearly established by the record' such that 'an evidentiary hearing would only confirm' the allegations," he acknowledges that there are factual disputes between the parties that may necessitate a hearing.  *Clark*, 2019 WL 3771890 at *6 (citing *Sawyer v. Hofbauer*, 299 F.3d 605, 612 (6th Cir. 2002)).  It is "well within the district court's discretion to hold an evidentiary hearing" and "seek"

the necessary answers. *Clark*, 2019 WL 3771890 at *9. Accordingly, Keith now moves for an evidentiary hearing, for the reasons further explained in the accompanying memorandum.

                                      Respectfully Submitted,

/s/ *James R. Wooley*
James R. Wooley (003850)
Calland M. Ferraro (0093439)
Jones Day – Cleveland
901 Lakeside Avenue
Cleveland, Ohio 44114
(216) 586-7345
jrwooley@JonesDay.com
cferraro@JonesDay.com
Trial Attorney

Zachary M. Swisher (0076288)
Sybert, Rhoad, Lackey Swisher, LLC
153 South Liberty Street
Powell, Ohio 43065
(614) 785-1811
zach@law153group.com

Rachel Troutman (0076741)
Melissa J. Jackson (0077833)
Office of the Ohio Public Defender
250 E. Broad Street, Suite 1400
Columbus, Ohio 43215
Rachel.Troutman@OPD.ohio.gov
Melissa.Jackson@OPD.ohio.gov

James M. Petro (0022096)
Attorney-at-Law
6573 Marissa Loop #405
Naples, FL 34108
Jimpetro73@gmail.com

*Counsel for Petitioner*

**Memorandum in Support**

Kevin Keith maintains that he has met the requisite burden and established the following:

- the factual predicate for his claims could not have been discovered previously through the exercise of due diligence;

- the facts underlying his claims, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found him guilty of the underlying offense beyond a reasonable doubt;

- the state courts unreasonably applied clearly established federal law and made an unreasonable determination of the facts in light of the evidence presented; and

- the State suppressed favorable evidence from Keith, and prejudice ensued.

But just recently, in *Clark v. Warden*, the Sixth Circuit remanded back to the District Court a case in which the Court had granted a successor habeas petition without holding an evidentiary hearing. No. 18-1885, __ F.3d __, 2019 WL 3771890, at *7 (6th Cir. Aug. 12, 2019). Keith therefore moves this Court to grant an evidentiary hearing.

The district court in *Clark* granted a successor habeas petition that was based on an affidavit of a newly discovered eyewitness who described that she saw a man other than the petitioner commit the murder. *Id.* at *9. On appeal, the Warden disputed that the new evidence was credible, argued that the successor habeas standard could thus not be met, and urged the Sixth Circuit to reverse the District Court and deny the successor habeas petition. *Id.* at *10. The Sixth Circuit reversed the District Court's decision but refused to render an ultimate conclusion: "[T]he State asks us to resolve a factual, credibility-based dispute before the record necessary to do so has been developed. We will not bypass what even the State admits is the standard process for establishing credibility: holding an evidentiary hearing." *Id.*

Keith acknowledges that the majority of the disagreements between the Warden and Keith concern issues that are not factual disputes within the realm of *Clark*. The Warden does not contest

3

that the evidence at issue is what Keith purports it to be, but rather argues about the significance of the evidence. In other words, the Warden and Keith simply disagree as to how the evidence should be interpreted and weighed. *See*, *e.g.*, Warden's Sur-Reply, ECF No. 31, PageID 11280 ("Keith overstates the impact of Yezzo's personnel file and the post-it note reference on the subpoena he issued at the time of trial."); *id.* at 11285 ("None of his prior *Brady* claims, nor his newest claims, have gone to the issue of Keith's guilt or innocence."); *see also id.* at PageID 11259-60.

While there are a significant number of issues on which the Warden and Keith disagree, those issues likely can be resolved by looking at the record evidence. For example, the Warden argued that Keith misled the Court about Rodney Melton having a car that fit the description of the getaway car with a license plate containing "043." Warden's Sur-Reply, ECF No. 31, PageID 11300. The Warden cited a police officer's testimony from Keith's trial to support that "Rodney's valid plate was 'JKL218.'" *Id.* Keith, on the other hand, demonstrated that Melton's car (fitting the description of the getaway car) had a license plate with a "043" in it—and that he was using that 043 plate regardless of whether it was the legally "valid" plate—by pointing to the Pharmacy Board's documentation of Melton's illegal activities around the time of the murders. *See* Keith's Traverse, ECF No. 28, PageID 10979 (citing ROW Appx. ECF No. 20-26, PageID 7970). This and other disputes are easily reconciled by examining the record, and the Warden otherwise fails to contest the existence of the evidence on which Keith bases his claims. Thus, unless the Warden belatedly changes course, Keith will not burden the Court with a hearing on these types of issues, unless the Court deems it necessary.

4

The Warden does appear, however, to raise a factual dispute regarding the discovery of the new evidence at issue. She argued that it could have been discoverable earlier through reasonable diligence and has disputed the date on which Keith actually discovered the evidence. *See* ROW, ECF No. 26, PageID 10840–10842; *see also id.* at PageID 10869 ("Keith asserts he first learned about his 'subpoena' claim when he received a response to his latest public records request from the police department on February 2, 2017. While the Warden disputes that assertion, . . . ."). Given this factual dispute, and the Sixth Circuit's recent guidance that when "there is a factual dispute, the habeas court must hold an evidentiary hearing to determine the truth of the petitioner's claims," *Clark,* 2019 WL 3771890, at *7, Keith respectfully requests that the Court hold an evidentiary hearing to address this issue.

In addition to the diligence issue, the Warden appears to dispute that Yezzo's issues and biases had any bearing on Yezzo's quality of work. *See e.g.* ROW, ECF No. 26, PageID 10862 ("[Keith] does not provide any information that Yezzo's testimony was faulty."); *id.* ("Yezzo's file was replete with accomplishments and accolades for her scientific work."). For one, the Warden's point is legally irrelevant—Keith's claim is based on the fact that, if he had access to Yezzo's personnel file, cross examination would have rendered Yezzo's testimony inherently unreliable in the eyes of the jury. With her testimony thoroughly discredited, and considering all of the other evidence suppressed over the years, "no reasonable factfinder" would have found Keith guilty beyond a reasonable doubt. 28 U.S.C. § 2244(b)(2)(B)(ii). In any event, Keith *did* provide a plethora of evidence that "Yezzo's testimony was faulty." *See* Keith's Petition Ex. 24, ECF No. 1-24 (Expert Report of William J. Bodziak); Keith's Traverse Ex. 7, ECF No. 28-7 (Expert Report of Sunita Sah). The Warden nowhere attacks the credibility of these expert witnesses. Nonetheless, to the extent the Court views this issue as the type of factual dispute

described in *Clark* and wishes to hear testimony, Keith is happy to address this at the hearing as well.

## **Conclusion**

It is "well within the district court's discretion to hold an evidentiary hearing" and "seek" the necessary answers. *Clark*, 2019 WL 3771890 at *9. Keith moves this Court to grant him an evidentiary hearing to address disputed facts and provide those answers.

                              Respectfully submitted,

                              */s/ James R. Wooley*
                              James R. Wooley (003850)
                              Calland M. Ferraro (0093439)
                              JONES DAY
                              901 Lakeside Avenue
                              Cleveland, Ohio 44114
                              (216) 586-7345
                              jrwooley@jonesday.com
                              cferraro@jonesday.com

                              Zachary M. Swisher (0076288)
                              Sybert, Rhoad, Lackey Swisher, LLC
                              153 South Liberty Street
                              Powell, Ohio 43065
                              (614) 785-1811
                              zach@law153group.com

                              Rachel Troutman (0076741)
                              Melissa J. Jackson (0077833)
                              Office of the Ohio Public Defender
                              250 E. Broad Street, Suite 1400
                              Columbus, Ohio 43215
                              Rachel.Troutman@OPD.ohio.gov
                              Melissa.Jackson@OPD.ohio.gov

                              James M. Petro (0022096)
                              Attorney-at-Law
                              6573 Marissa Loop #405
                              Naples, FL 34108
                              Jimpetro73@gmail.com

                              *Attorneys for Petitioner Kevin Keith*

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on August 16, 2019, a copy of the foregoing Motion for an Evidentiary Hearing was filed electronically with the Court. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. Parties may access this filing through the Court's system.

/s/James R. Wooley
*Attorney for Petitioner*