**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | |
|---|---|
| **KEVIN KEITH,** | Case No. 1:18 CV 634 |
| Petitioner, | Judge Solomon Oliver, Jr. |
| v. | Magistrate Judge James R. Knepp II |
| **WARDEN LYNEAL WAINWRIGHT,** | |
| Respondent. | **ORDER** |

Currently pending before the Court in this 28 U.S.C. § 2254 habeas case is Petitioner Kevin Keith's Emergency Motion for Release (Doc. 47), which Respondent opposes (Doc. 48), and to which Petitioner replied (Doc. 49). For the reasons discussed below, Petitioner's Motion is DENIED.

Petitioner seeks release due to the current national public health emergency. He points to a staff member at his correctional institution who has tested positive for COVID-19 (and others who have developed symptoms), and notes that his age and diabetic status make him more vulnerable to potentially severe illness. He further points, correctly, to the Sixth Circuit's determination that he made a *prima facie* showing of innocence. Respondent contends this Court is without jurisdiction to grant Petitioner the relief he seeks.

Generally, a federal court's authority in a habeas proceeding under § 2254 extends only to determining the legality of a petitioner's state-court conviction and sentence, and not to addressing the conditions of his confinement. *See Nelson v. Campbell,* 541 U.S. 637, 643 (2004). The undersigned agrees with Respondent that Petitioner's motion challenges, in essence, the conditions of his confinement. Such claims are not cognizable in habeas cases. *See Hodges v. Bell*, 170 F.

App'x 389, 393 (6th Cir. 2006) ("a habeas corpus proceeding does not extend to the conditions of confinement").

Petitioner does point to some authority for release pending the outcome of a habeas petition, but such relief is rare. "Release of a state prisoner pending consideration of the habeas corpus petition is reserved for the extraordinary case." *Greenup v. Snyder*, 57 F. App'x 620, 621 (6th Cir. 2003) (citing *Lee v. Jabe,* 989 F.2d 869, 871 (6th Cir. 1993) ("Since a habeas petitioner is appealing a presumptively valid state conviction, both principles of comity and common sense dictate that it will indeed be the very unusual case where a habeas petitioner is admitted to bail prior to a decision on the merits in the habeas case.")). A habeas petitioner must show "not only a substantial claim of law based on the facts surrounding the petition but also the existence of 'some circumstance making [the motion for bail] exceptional and deserving of special treatment in the in the interest of justice.'" *Dotson v. Clark*, 900 F.2d 77, 79 (6th Cir. 1990) (quoting *Aronson v. May*, 85 S. Ct 3, 5 (1964) (Douglas, J., in chambers)).

Petitioner is still incarcerated pursuant to a presumptively valid state court conviction. Although the Sixth Circuit found he had made a *prima facie* showing under 28 U.S.C. § 2244(b)(2)(B) that "the factual predicates for his *Brady* claim could not have been previously discovered through the exercise of due diligence" and that "no reasonable fact finder would have found him guilty in light of the evidence supporting his *Brady* violation claim", *In re Keith*, 2018 WL 8807240 (6th Cir.), this standard is a preliminary, not a definitive one. *See In re Lott*, 366 F.3d 431, 433 (6th Cir. 2004) ("'*Prima facie*' in this context means simply sufficient allegations of fact together with some documentation that would 'warrant a fuller exploration in the district court.'") (quoting *Bennett v. United States*, 119 F.3d 468, 469 (7th Cir. 1997)); *see also In re McDonald*, 514 F.3d 539, 546-47 (6th Cir. 2008) ("In other words, we do not need to find that given the alleged

constitutional violation no reasonable factfinder would have found [the petitioner] guilty of the underlying offense; instead, we simply must determine whether there are 'sufficient allegations' together with 'some documentation' so as to require a district court to engage in additional analysis in order to ascertain whether but for the constitutional error, no reasonable factfinder would have found McDonald guilty of the underlying offense."). However, even assuming Petitioner has satisfied the first prong – "a substantial claim of law based on the facts surrounding the petition", the undersigned finds he cannot satisfy the second.

The Court is mindful that circumstances faced by this country in general, and Petitioner as well as other prisoners specifically, are certainly extraordinary. But Petitioner has not shown his particular circumstances to be "exceptional." *See* Merriam-Webster Online Dictionary, https://www.merriam-webster.com/dictionary/exceptional (defining "exceptional" as "forming an exception: RARE"). Although Petitioner points to his age and diabetic status as heightened risk factors for severe illness, these factors (and other risk factors) are surely shared by many inmates throughout the prison population, and indeed by other inmates at Marion Correctional Institution where Petitioner is incarcerated. Therefore, the undersigned finds that this is not the "very unusual case", *Lee*, 989 F.2d at 871, where a habeas petitioner should be released pending a determination on the merits.

For these reasons, Petitioner's Emergency Motion for Release (Doc. 47) is DENIED.

**IT IS SO ORDERED.**

                                            s/ James R. Knepp II
                                            United States Magistrate Judge