UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| KEVIN KEITH, | ) | Case No.: 1:18 CV 634 |
| Petitioner | ) | |
| v. | ) | JUDGE SOLOMON OLIVER, JR. |
| WARDEN LYNEAL WAINWRIGHT, | ) | |
| Respondent | ) | ORDER |

Currently pending before the court in the above-captioned case is Petitioner Kevin Keith's ("Petitioner" or "Keith") Objection/Appeal of the Magistrate Judge's Order Denying Petitioner's Motion for Release in Light of Heightened Risk for COVID-19. (ECF No. 51.) For the reasons that follow, the court overrules Petitioner's objection and affirms the Magistrate Judge's Order.[1]

## I. BACKGROUND

Petitioner asks for extraordinary relief: an order releasing him from state prison before this court renders a decision on the merits of his pending Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 ("§ 2254 Petition"). (*See* Mot. for Release, ECF No. 47.) At present, Petitioner is incarcerated at Marion Correctional Institution ("MCI") serving a life sentence for his 1994 conviction for aggravated murder. (Petition, ECF No. 1.) But Petitioner maintains he was wrongfully convicted, and in his § 2254 Petition he asserts that the State repeatedly suppressed material

---

[1] Pursuant to Local Rule 72.2, the court referred this habeas matter to the Magistrate Judge for preparation of a Report and Recommendation. Accordingly, the Magistrate Judge ruled on Petitioner's Motion for Release in the first instance.

evidence. (*Id.*) Indeed, the Sixth Circuit determined that Petitioner has made a prima facie showing of innocence and therefore allowed him to proceed on his fourth-in-time habeas petition. *In re Keith*, No. 18-3544, 2018 WL 8807240, at *7 (6th Cir. Oct. 26, 2018). In addition to the prima facie showing, Petitioner claims he should be released due to the ongoing public health crisis caused by COVID-19. (Mot. for Release, ECF No. 47.) Although he "understands the extreme nature of this motion," Petitioner argues release is appropriate because he is particularly susceptible to the virus due to his age (56) and diabetes. (*Id.* at PageID #11455.)

## II. LAW AND ANALYSIS

After reviewing the Motion for Release, Magistrate Judge James R. Knepp II ("Magistrate Judge" or "Judge Knepp") denied Petitioner's request for release. (Order, ECF No. 50.) Judge Knepp concluded that "Petitioner's motion challenges, in essence, the conditions of his confinement," which is not a cognizable habeas claim. (*Id.* at PageID #11489.) Although federal courts have limited authority to release prisoners pending the outcome of a habeas petition, Judge Knepp noted that such relief "is reserved for the extraordinary case." (*Id.* at PageID #11490 (quoting *Greenup v. Snyder*, 57 F. App'x 620, 621 (6th Cir. 2003).) Under *Dotson v. Clark*, 900 F.2d 77 (6th Cir. 1990), a habeas petitioner seeking release must show (1) "a substantial claim of law based on the facts surrounding the petition" and also (2) "some circumstance making [the motion for bail] exceptional and deserving of special treatment in the . . . in the interest of justice." (Order at PageID #11490, ECF No. 50 (quoting *Dotson*, 900 F.2d at 79).) Applying this test, Judge Knepp concluded that Petitioner fails the first prong because the Sixth Circuit's decision regarding prima facie innocence is merely a preliminary determination that Petitioner may pursue his claim rather than a definitive ruling on the merits. (Order at PageID #11490, ECF No. 50.) Second, Judge Knepp found that Petitioner's circumstances are not "exceptional." While acknowledging that COVID-19 has caused

circumstances that "are certainly extraordinary," Judge Knepp explained that Petitioner's circumstances and risk factors "are surely shared by many inmates throughout the prison population." (*Id.* at PageID #11491.) Accordingly, Judge Knepp held that "this is not the 'very unusual case' . . . where a habeas petitioner should be released pending a determination." (*Id.* (quoting *Lee v. Jabe*, 989 F.2d 869, 871 (6th Cir. 1993).)

Petitioner objects to Judge Knepp's ruling and asks the court to set it aside, while Respondent urges the court to affirm and adopt the Magistrate Judge's denial. (Obj. to Order, ECF No. 51; Resp. in Opp'n, ECF No. 52.) The parties agree, however, that this court should set aside the Magistrate Judge's Order on this non-dispositive issue only if it is clearly erroneous or contrary to law. *See* Fed. R. Civ. P. 72(a); *see also* 28 U.S.C. § 636(b)(1)(A).

The court finds no error in the Magistrate Judge's Order. Accordingly, the court affirms the Order and overrules Petitioner's objections. The Sixth Circuit has explained that a "district court has inherent authority" to release a habeas petitioner while her petition is pending. *Nash v. Eberlin*, 437 F.3d 519, 526 (6th Cir. 2006); *see also Blocksom v. Klee*, No. 11-CV-14859, 2015 WL 300261, at *4 (E.D. Mich. Jan. 22, 2015). But Judge Knepp's Order correctly notes that this authority is very narrow. Further, Judge Knepp correctly identifies and applies the controlling law in this Circuit under *Dotson* and *Lee*.

As to the first *Dotson* prong, this court agrees with the Magistrate Judge's conclusion that Petitioner has not shown a sufficiently compelling claim of law to be entitled to release. Petitioner repeatedly emphasizes the evidence in his § 2254 Petition and the Sixth Circuit's determination that he has made a preliminary showing of innocence. (*See* Reply in Supp. Mot. for Release at PageID #11484–85, ECF No. 49; Obj. to Order at PageID #11493, ECF No. 51.) But this preliminary determination simply allows the court to consider the merits of Petitioner's successive habeas

petition; it does not mean he ultimately will prevail (although he very well may). *See In re Lott*, 366 F.3d 431, 433 (6th Cir. 2004); *In re McDonald*, 514 F.3d 539, 546–47 (6th Cir. 2008). Further, Petitioner ignores the repeated instances in which state and federal courts have denied his claims for relief. (*See* Resp. in Opp'n at PageID #11504–06, ECF No. 52.) In light of these considerations, the court finds that Judge Knepp's conclusion is neither clearly erroneous nor contrary to law.

But regardless, Petitioner does not satisfy the second *Dotson* prong because his circumstances are not so "exceptional" as to justify relief. Neither the Supreme Court nor the Sixth Circuit has given a definitive explanation regarding what circumstances are sufficiently exceptional to merit release in this context. However, other courts in this Circuit have explained "that 'exceptional circumstances' warranting release during review 'have been limited to situations where (1) the prisoner was gravely ill, (2) the prisoner committed a minor crime and is serving a short sentence, or (3) possibly where there was an extraordinary delay in processing the habeas petition.'" *Blocksom*, 2015 WL 300261, at *4. None of those circumstances apply here. Even the most analogous category, "gravely ill," is inapplicable because it refers to circumstances in which the prisoner already has a serious medical condition that will cause irreparable harm absent immediate medical attention. *See Puertas v. Overton*, 272 F. Supp. 2d 621, 628–29 (E.D. Mich. 2003) (severe coronary artery disease and aggressive bladder cancer); *Jago v. United States Dist. Ct. for the N.D. Ohio*, 570 F.2d 618, 621 (6th Cir. 1978) (imminent blindness).

The court does not discount Petitioner's concerns. But fear of contracting a disease is not the same as fear of imminent harm from a serious preexisting condition. Moreover, the court agrees with Judge Knepp's conclusion that, while Petitioner faces "extraordinary circumstances" due to the COVID-19 crisis, his situation is far from "exceptional." (Order at PageID #11491, ECF No. 50.) Petitioner has offered nothing to show that his heightened risk factors are somehow unique or

different in kind or severity from those that are common among prisoners across the country. Because Petitioner's plight is "shared by many inmates throughout the prison population," (*id.*), the court cannot say that Petitioner's Motion for Release presents the "very unusual case" deserving of release, *Lee*, 989 F.2d at 871. Accordingly, the court finds no error in Judge Knepp's Order.

Finally, as a practical matter, the court cannot ignore the seriousness of the crime which Petitioner was convicted of committing. In a typical pre-trial bail determination, the fact that a defendant is charged with multiple counts of aggravated murder would weigh heavily when the court determines whether any set of conditions exist such that the safety of the community would be ensured if the defendant were released. *See* 18 U.S.C. §§ 3142(e)–(f). The court also would note with concern that Petitioner "was convicted of committing the murders and attempted murders *while he was out on bond for drug trafficking*." (Resp. in Opp'n at PageID #11504, ECF No. 52.) These concerns are amplified here, where the question is not whether to release a defendant who has been *charged* with a crime but whether to release a prisoner who is incarcerated pursuant to a presumptively valid state court *conviction*.

### III. CONCLUSION

Around the country, COVID-19 presents a serious and alarming threat to public health and safety. This threat is especially acute in prisons, where social distancing and other preventative measures may not be possible. Indeed, Petitioner notifies the court that "34 MCI staff have tested positive; one staff member has died due to COVID-19; and nine MCI inmates have tested positive" as of April 9, 2020. (Notice at PageID #11515, ECF No. 54.) These startling figures, and the speed with which this disease spreads, demand that the government do everything it can to protect all inmates. But the judicial system also must continue to meet its obligation to protect the public. (*See* Att'y Gen. Mem., ECF No. 53-1.) After balancing these difficult and solemn responsibilities, and

after considering the law in this Circuit, the court concludes that Petitioner does not warrant release pending a decision on his habeas proceedings.

Consequently, for the foregoing reasons, the court affirms the Magistrate Judge's Order (ECF No. 50) and overrules Petitioner's Objections (ECF No. 51).

IT IS SO ORDERED.

/s/ SOLOMON OLIVER, JR.
UNITED STATES DISTRICT JUDGE

April 13, 2020