# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| Kevin Keith, | : | Case No. 1:18-cv-634 |
| Petitioner | : | |
| -vs- | : | **Judge Solomon Oliver, Jr.** |
| Lyneal Wainwright, Warden,<br>Marion Correctional Institution, | : | **Magistrate Judge James R. Knepp, II** |
| | : | |
| Respondent. | | |

---

## Motion for Oral Argument on Habeas Petition

---

In March 2018, Petitioner Kevin Keith filed with this Court a habeas petition detailing the steady stream of undisclosed, exculpatory evidence that Keith has unearthed since his 1994 trial, conviction, and (eventually commuted) death sentence. *See* Habeas Petition, ECF No. 1. The Sixth Circuit subsequently authorized the Court to consider the petition, finding that Keith had made a prima facie showing that "the factual predicates for his *Brady* claim could not have been previously discovered through the exercise of due diligence" and that "no reasonable fact finder would have found him guilty." *In re Keith*, No. 18-3544, 2018 WL 8807240, at *6–7 (6th Cir. Oct. 26, 2018).

The record in this matter is voluminous, to say the least. Keith's case spans decades and involves a large cast of key actors. And the nature of the claims at issue, which involve "multiple *Brady* violations," will require the Court to examine all of the evidence—including all of the withheld evidence—"collectively" as opposed to "item by item." *Simmons v. Beard*, 590 F.3d 223, 234 (3d Cir. 2009) (quoting *Kyles v. Whitley*, 514 U.S. 419, 436 (1995)). That examination,

although intensive, will confirm the Sixth Circuit's preliminary finding: no "reasonable factfinder," viewing the "evidence as a whole," would have voted to find Keith guilty beyond a reasonable doubt. 28 U.S.C. § 2244(b)(2)(B)(ii); *see also* Traverse, ECF No. 28, PageID 10961–62 (explaining the relevant standard).

In the meantime, Keith requests that the Court hold oral argument on his petition. Courts do not hesitate to hear oral argument on habeas petitions when doing so "would aid the court in navigating" a complex and lengthy record. *Haskell v. Berghuis*, 695 F. Supp. 2d 574, 584 (E.D. Mich. 2010); *see also id.* at 584–85 (explaining that the court held oral argument on a habeas petition); *Madsen v. McFaul*, 643 F. Supp. 2d 962, 964 (N.D. Ohio 2009) (same); *Winterich v. Sutula*, No. 1:12-cv-1126, 2012 WL 1621365, at *3 (N.D. Ohio May 8, 2012) (same); *Stallings v. Bagley*, No. 5:05-cv-722, 2007 WL 1683832, at *1 (N.D. Ohio June 8, 2007) (ordering one hour of oral argument per side on a habeas petition).

Oral argument here will undoubtedly assist the Court in distilling the evidence and analyzing the parties' various arguments. Indeed, after 27 years of wrongful imprisonment, Keith deserves his day in court. Keith therefore respectfully requests that this Court hold oral argument on his habeas petition.

Respectfully Submitted,

*/s/ Justin E. Herdman*
Justin E. Herdman (0080418)
James R. Wooley (003850)
Calland M. Ferraro (0093439)
JONES DAY
901 Lakeside Avenue
Cleveland, Ohio 44114
(216) 586-7345
jherdman@JonesDay.com
jrwooley@JonesDay.com
cferraro@JonesDay.com

Zachary M. Swisher (0076288)
Sybert, Rhoad, Lackey Swisher, LLC
153 South Liberty Street
Powell, Ohio 43065
(614) 785-1811
zach@law153group.com

Rachel Troutman (0076741)
Melissa J. Jackson (0077833)
Office of the Ohio Public Defender
250 E. Broad Street, Suite 1400
Columbus, Ohio 43215
Rachel.Troutman@OPD.ohio.gov
Melissa.Jackson@OPD.ohio.gov

James M. Petro (0022096)
Attorney-at-Law
6573 Marissa Loop #405
Naples, FL 34108
Jimpetro73@gmail.com

*Counsel for Petitioner Kevin Keith*

## Certificate of Service

The undersigned hereby certifies that on March 3, 2021, a copy of the foregoing was filed electronically with the Court. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. Parties may access this filing through the Court's system.

/s/ *Justin E. Herdman*
Justin E. Herdman (0080418)

*Counsel for Petitioner Kevin Keith*